UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:23 CR 78 |
| Respondent, | JUDGE DONALD C. NUGENT |
| v. | |
| ALVIN D. LEWIS, | MEMORANDUM OPINION AND ORDER |
| Petitioner. | |

This matter comes before the Court upon Petitioner, Alvin D. Lewis' ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. (ECF #40). The Government filed a Response in Opposition to Petitioner's Motion (ECF #42). No Reply was timely filed.

**Factual and Procedural Background**

Pursuant to a plea agreement, the Petitioner, Mr. Lewis pled guilty to one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g) and §924(a)(2). (ECF #30). On September 6, 2023, the Court sentenced him to 33 months in the Bureau of Prisons. (ECF #31). Mr. Lewis did not appeal his conviction or sentence. He now seeks to vacate his sentence on the grounds of ineffective assistance of counsel. His §2255 motion was filed on September 13, 2024.

**Legal Standard**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C.

§2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). . In order to obtain relief under § 2255, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted).

Relief cannot be granted for alleged errors that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1076). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted. . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

Petitioner's motion asserts ineffective assistance of trial counsel. He alleges that his attorney did not inform him that there was a basis to challenge the constitutionality of 18 U.S.C. §922(g) when he advised him to accept the plea agreement. In order to prevail on an ineffective

2

assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The prosecution has no duty to prove that defense counsel's strategy was actually reasonable, rather the petitioner bears the burden of proving that the presumption is not warranted. *Id.* at 690. When reviewing allegations of ineffective assistance, effectiveness should be measured by "prevailing professional norms, " not best practices or most common custom. *See, Harrington v. Richter*, 562 U.S. 86, 105 (2011)(quoting *Strickland,* 466 U.S. at 690); *see, also, Rompilla v. Beard*, 545 U.S. 374, 380 (2005). The court's inquiry must consider the circumstances and perspectives of counsel at the time of the alleged error, and should not take place in a vacuum or with the benefit of hindsight. *See, Strickland,* 466 U.S. at 688-89. "The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable or constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Further, attorneys have no duty to pursue frivolous arguments. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011).

In addition to proving deficiency, Mr. Lewis will have to show that his counsel's errors

prejudiced the outcome of his case. Counsel is only ineffective under the Constitution if their performance was prejudicial to the defense. *Id.* at 692. It is insufficient to show that counsel's errors had "some conceivable effect on the outcome of the proceeding," rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In this case, Mr. Lewis pled guilty, therefore, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

A. <u>Deficient Performance</u>

Mr. Lewis argues that due to the alleged ineffectiveness of counsel he did not fully understand what defenses he had available to him when he signed the plea agreement. He argues that his counsel should have informed him that he could file a motion challenging the constitutionality of §922(g) pursuant to the Supreme Court's ruling in *State v. Rifle & Pistol Ass'n Inc. v. Bruen*, 142 S. Ct. 2111(2022). In order to show that this alleged failure rises to the level of deficient performance, he must prove that his counsel's conduct "fell below an objective standard of reasonableness." *Strickland* at 688. When reviewing the claim, the Court must begin with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Mr. Lewis claims that his attorney told him that he did not have any "argument worth fighting," but had he known about *Bruen* he "would have challenged the constitutionality of the charge." Although he claims that he has been hearing about cases that "won the argument of 922(g)(1)(A) and its unconstitutionality," he does not explain how any of those alleged claims

4

compared to the circumstances of his case. He has provided no information that could override the strong presumption that his counsel offered professional assistance and gave him sound advice under the circumstances. An attorney is not obligated to recognize and pursue every possible argument so long as they have provided competent representation. *Engle* at 134. The vast majority of cases challenging the constitutionality of §922(g) after the *Bruen* decision have been unsuccessful. There is no evidence to suggest that Mr. Lewis' attorney was deficient in his representation when he advised Mr. Lewis to plead guilty due to the strength of the prosecution's case, the potential to avoid additional charges, the sentencing benefits of receiving acceptance of responsibility points that off-set the applicable total offense level, and the likelihood that any motion challenging the constitutionality of §922(g) would be unsuccessful.

B. Prejudicial Effect

There is also no basis upon which this Court could find that Mr. Lewis was prejudiced by his lack of knowledge of the *Bruen* case, or subsequent challenges to the constitutionality of §922(g) made by other prisoners. The long standing jurisprudence in the United States Supreme Court and the Sixth Circuit has recognized the presumptive constitutionality of prohibitions on the possession of firearms by felons. See, e.g., *District of Columbia v. Heller*, 554 U.S. 570, 626 &n. 26 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010); *United States v. Goolsby,* No. 21-3087 (6th Cir. Mar. 7, 2022); *Stimmel v. Sessions*, 879 F.3d 198, 203 (6th Cir. 2018). The *Bruen* holding did nothing to alter this presumption. *Bruen* made clear that its decision precluding certain firearm restrictions as applied specifically tolaw abiding citizens. *Bruen* at 2122. The majority of justices also specifically noted that *Bruen* did not alter the holdings in *Heller* or *McDonald*. Since the *Bruen* decision, the Sixth Circuit has reiterated that

5

§922(g) is facially constitutional, and is constitutional as applied to dangerous persons. *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024); *United States v. Garrison*, 2024 U.S. App. Lexis 31174 (6th Cir. Dec. 9, 2024).

In order to have any potentially valid claim the defendant must make an individualized showing that they are not dangerous. *Williams* at 663. When determining whether a defendant qualifies as dangerous for purposes of a §922(g) challenge, a court may consider their individual characteristics and their entire criminal record, and information that goes beyond their criminal convictions. *Id.* at 658, n.12, 663. *Williams* explicitly stated that defendants who have committed a crime that "inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary" can be considered dangerous for purposes of applying §922(g). *Id.* at 663. Mr. Lewis was convicted of multiple drug trafficking offenses. (ECF #26, PageID 113-117. Due to his history, Mr. Lewis would not have been able to show that he is not a dangerous person, and therefore could not have raised a valid challenge to the constitutionality of §922(g). Because any challenge would not have been successful, he cannot demonstrate any prejudice from his lawyer's failure to inform him about *Bruen* and other subesquent challenges to the constitutionality of §922(g).

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. As Mr. Lewis has failed to meet his burden of proving a violation of his constitutional rights by a preponderance of the evidence his claim is DENIED.

6

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

7

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED (ECF #40).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 23, 2025